ON MOTION
BRYSON, Circuit Judge.
ORDER
The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Ragnar E. Dannesk-jold’s appeal for lack of jurisdiction. Dan-neskjold has not responded.
The Court of Appeals for Veterans Claims denied Danneskjold’s petition for a writ of mandamus, ruling that there was no evidence to support Danneskjold’s belief that his claim, remanded to the regional office by the Board of Veterans’ Appeals three and a half months before he filed his petition, would be unreasonably delayed. Danneskjold appealed to this court.
Pursuant to 38 U.S.C. § 7292, not every decision entered by the Court of Appeals for Veterans Claims is appealable. Section 7292(a) provides that a party may only seek review of a decision of the Court of Appeals for Veterans Claims with respect to the validity or interpretation of any statute or regulation relied on by the court in making its decision. Further, except to the extent that an appeal presents a constitutional issue, this court may not review “(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.” 38 U.S.C. § 7292(d)(2). If an appellant’s case does not meet these criteria, 38 U.S.C. § 7292(d) requires this court to dismiss the appeal. See In re Bailey, 182 F.3d 860 (Fed.Cir.1999).
*964 Danneskjold states in opposition to the Secretary’s motion to dismiss that he is challenging
the constitutionality of either the contents or applications of the laws employed by the Veterans Administration’s (“VA’s”) officials from the personnel in the regional office (N.Y.RO), to the personnel in the Board of Veterans Appeals (BVA), and up to and including the members of the court of appeals for Veterans Claims (CAVC) and as same laws were employed by said officials to literally commit criminal offenses in the adjudication and appeals of Movant’s Claim for a disability rating due to service-connected mental disease or defect, to include Posh-Traumatic Stress Disorder (PTSD).
Danneskjold further argues that his due process rights were violated because
the VA’s officials can not be allowed to lie under color of law, nor offer false instruments for fifing, nor commit perjury, nor make false or misleading statements in their papers, nor tamper with physical evidence, nor deprive the Veteran-Citizen of Constitutional Rights, nor conspire against the rights of said Veteran-Citizens and as said VA’s officials did in the adjudication and appeals of Mov-ant’s Claim.
In addition to arguing that his case poses constitutional questions, Danneskjold argues that to “challenge the ‘application’ of same laws, one must also challenge the ‘interpretation’ of said law since it is impossible to apply any law unless one has first ‘interpreted’ said law.”
These arguments are not on point. In this case, the Court of Appeals for Veterans Claims did not interpret a statute or regulation. Further, Danneksjold’s vague assertions that his constitutional rights were violated are insufficient to establish jurisdiction over this appeal. See Helfer v. West, 174 F.3d 1332, 1335 (Fed.Cir.1999) (“characterizing] ... [a] question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack”). Because the case does not present a constitutional issue or an interpretation of a statute or regulation, the appeal is dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992); 38 U.S.C. § 7292(d).
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motion to waive the requirements of Fed. Cir. R. 27(f) is granted.
(2) The Secretary’s motion to dismiss is granted.
(3) Each side shall bear its own costs.